[944 NE2d 1119, 919 NYS2d 480]

GRETCHEN RIVERA, an Infant by Her Mother and Natural Guardian, MARIA RIVERA, et al., Appellants, v PAUL G. KLEINMAN, M.D., et al., Respondents.

Argued January 4, 2011; decided February 15, 2011

APPEARANCES OF COUNSEL

*Pagan Law Firm, P.C.*, New York City (*Tania M. Pagan* of counsel), for appellants.

*McAloon & Friedman, P.C.*, New York City (*Gina B. Di Folco* of counsel), for Paul G. Kleinman, M.D. and another, respondents.

*Garbarini & Scher, P.C.*, New York City (*William D. Buckley* of counsel), for St. Barnabas Hospital and others, respondents.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

Infant plaintiff was born in October 1995 with cerebral palsy and spastic quadriplegia. In March 2003, defendant doctor operated on the infant's right and left hips, which had both dislocated as a consequence of her maladies. These surgeries, performed two weeks apart, entailed cutting and repositioning the bones that join at the hip and fixing them with a plate (with side screws) and a hip screw. This hardware was to be removed later, after the bones healed. In August 2005, plaintiff mother, on the infant's behalf and individually, sued the doctor and defendant hospital for medical malpractice with respect to the March 2003 surgeries. She ultimately focused on a claim that

the doctor had improperly positioned the screw implanted in the infant's left hip, causing pain and suffering. This screw eventually broke through the infant's skin and was taken out during emergency surgery in December 2006. Supreme Court granted the doctor's motion and the hospital's cross motion seeking summary judgment to dismiss the complaint. The Appellate Division affirmed (67 AD3d 482 [1st Dept 2009]), and so do we. In response to defendants' prima facie showing of entitlement to summary judgment, plaintiffs' expert did not raise an issue of fact as to any departure from good and accepted practice in the doctor's treatment of the infant (including the two surgeries); and did not demonstrate any causal connection between the doctor's alleged departures from good and accepted practice in placing the hip screw in the infant's left hip and the injuries claimed to have been suffered on account of the hardware's delayed removal.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs, in a memorandum.